1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MELVIN A. PARKER,                              No. 2:23-cv-0503 KJN P

12                    Plaintiff,

13          v.                                        ORDER

14    JEFF LYNCH, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner, proceeding pro se.  On January 26, 2023, plaintiff filed an

18    amended complaint which the court construed as plaintiff's complaint against defendants Lynch,

19    Burkeheart and Connelly and filed in this action.[1]  (ECF No. 3.)  Plaintiff seeks relief pursuant to

20    42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

21    This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

22          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

23    Accordingly, the request to proceed in forma pauperis is granted.

24          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

25    §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

26    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

27    

28    
---
[1]  Allegations pertaining to the October 31, 2019 incident allegedly perpetrated by Officer N.
West are proceeding in Case No. 2:22-cv-2015 KJN P (E.D. Cal.).

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  To survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

2

1    raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.  However,

2    "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

3    notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551

4    U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks

5    omitted).  In reviewing a complaint under this standard, the court must accept as true the

6    allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in

7    the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled

8    on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

9    Plaintiff's Complaint

10        Plaintiff claims that over a two-year time span, defendants Burkeheart and Connelly

11   engaged in a campaign of harassment by threatening phone calls and emails to plaintiff's family.

12   Plaintiff alleges defendant Burkeheart sexually assaulted plaintiff on February 20, 2022, while

13   plaintiff was in his cell via "computer technology called 'touch reality,'" via synthetic media

14   applications with reality goggles/glasses."  (ECF No. 1 at 4.)  Plaintiff claims defendant Connelly,

15   via such virtual reality glasses, committed voyeurism for pleasure reasons when he commented

16   "let him see me really good while touching me on my penis and buttocks."  (ECF No. 1 at 4-5.)

17   Plaintiff contends these violations caused him to attempt suicide, engage in cutting behavior, and

18   he was admitted to a crisis bed and placed in the EOP program.  Further, plaintiff claims that

19   upon his arrival to each housing unit, defendants Burkeheart and Connelly used this "Air-

20   technology / touch reality to communicate with other officers escorting other prisoners, and

21   "using a low husky whisper," ordered officers to engage in sexual assault "by rubbing up against

22   the buttocks, stroking inmates' hands, and committing battery upon [plaintiff]."  (Id. at 5.)

23        As to defendant Lynch, plaintiff claims he sent countless grievances to Warden Lynch

24   complaining that defendants Burkeheart and Connelly were sexually assaulting plaintiff by use of

25   foreign object or instrument on plaintiff's body, penetrating the anus and touching the penis for

26   sexual pleasure.  (ECF No. 1 at 3-4.)  Plaintiff wrote Lynch on June 21, 2022, advising Lynch that

27   plaintiff continued to suffer daily rape and harassment from defendants Burkeheart and Connelly

28   using the "computer generated touch reality synthetic technology" which caused plaintiff to

1   attempt suicide.  (ECF No. 1 at 5.)  Plaintiff seeks money damages.

2   Governing Standards

3        A.  Sexual Harassment

4        Sexual harassment or abuse of an inmate by a prison official is a violation of the Eighth

5   Amendment.  Wood v. Beauclair, 692 F.3d 1041, 1046, 1051 (9th Cir. 2012) (citing Schwenk v.

6   Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000)).  In evaluating such a claim, "courts consider

7   whether 'the official act[ed] with a sufficiently culpable state of mind' " -- the subjective

8   component -- "and if the alleged wrongdoing was objectively 'harmful enough' to establish a

9   constitutional violation" -- the objective component.  Wood, 692 F.3d at 1046 (alteration in

10  original) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)).  As "sexual assault serves no

11  valid penological purpose . . . where an inmate can prove that a prison guard committed a sexual

12  assault, we presume the guard acted maliciously and sadistically for the very purpose of causing

13  harm, and the subjective component of the Eighth Amendment claim is satisfied."  Bearchild v.

14  Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020) (citing Wood, 692 F.3d at 1050; Schwenk, 204 F.3d

15  at 1196 n.6).  "Any sexual assault is objectively 'repugnant to the conscience of mankind' and

16  therefore not de minimis for Eighth Amendment purposes."  Bearchild, 947 F.3d at 1144 (quoting

17  Hudson, 503 U.S. at 10).

18       In sum,

19          a prisoner presents a viable Eighth Amendment claim where he or
20          she proves that a prison staff member, acting under color of law and
            without legitimate penological justification, touched the prisoner in
21          a sexual manner or otherwise engaged in sexual conduct for the staff
            member's own sexual gratification, or for the purpose of humiliating,
22          degrading, or demeaning the prisoner.

23  Bearchild, 947 F.3d at 1144.

24       Although prisoners have a right to be free from sexual abuse, whether at the hands of

25  fellow inmates or prison guards, the Eighth Amendment's protections do not extend to all forms

26  of sexual harassment.  Allegations of sexual harassment that do not involve touching have

27  routinely been found 'not sufficiently serious' to sustain an Eighth Amendment claim.  Austin v.

28  Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004) (upholding dismissal of claim premised on

4

allegations that correctional officer unzipped his pants and exposed his penis to an inmate from inside control booth); accord Somers v. Thurman, 109 F.3d at 624 ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd.").  Verbal harassment may violate the Constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage."  Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); Patrick v. Hernandez, 2018 WL 5095130, at *2 (E.D. Cal. Oct. 17, 2018) (denying cognizable claim where defendants gawked at plaintiff in a manner that suggested they wanted him to expose himself.); Bearchild, 947 F.3d at 1144 ("[T]here are occasions when legitimate penological objectives within a prison setting require invasive searches."); Grummet v. Rushen, 779 F.2d 491, 495 (9th Cir. 1985) ("[R]outine pat-down searches, which include the groin area, and which are otherwise justified by security needs, do not violate" the Constitution).

Harassment/Verbal Threats

Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983.  Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983).  Nor are allegations of mere threats cognizable.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

Discussion

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is legally frivolous or fails to state a claim for relief.  Plaintiff's claims of general harassment, standing alone, are insufficient to state a

1   cognizable civil rights claim.  Plaintiff's allegations concerning defendants Burkeheart and

2   Connelly using virtual reality technology to sexually assault plaintiff, vicariously or otherwise,

3   appear implausible.  It is unclear whether plaintiff asserts that either defendant physically

4   assaulted plaintiff.  In an abundance of caution, plaintiff is granted leave to file an amended

5   complaint that specifically identifies the actions of each defendant.  To the extent plaintiff put

6   defendant Lynch on notice of such actions, plaintiff should renew his allegations as to defendant

7   Lynch's alleged failure to intervene or protect plaintiff from such actions.  Plaintiff is required to

8   file his amended complaint on the court's civil rights form.

9   Leave to Amend

10          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

11   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,

12   West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

13   each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

14   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

15   defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

16   F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague, and conclusory allegations of official

17   participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

18   268 (9th Cir. 1982).

19          In addition, plaintiff is informed that the court cannot refer to a prior pleading to make

20   plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

21   complete without reference to any prior pleading.  This requirement exists because, as a general

22   rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San

23   Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the

24   original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once

25   plaintiff files an amended complaint, the original pleading no longer serves any function in the

26   case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

27   involvement of each defendant must be sufficiently alleged.

28          Finally, because plaintiff's claims based on the October 31, 2019 incident involving

1   inmate Puckett and Officer N. West are proceeding in Case No. 2:22-cv-2015 KJN (E.D. Cal.),

2   therefore plaintiff should refrain from including any references to those allegations in any

3   amended complaint filed in this action.

4   Motion for Appointment of Counsel

5          On March 20, 2023, plaintiff filed a motion for appointment of counsel.

6          District courts lack authority to require counsel to represent indigent prisoners in section

7   1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional

8   circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28

9   U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

10  Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

11  circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

12  well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

13  legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

14  abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional

15  circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of

16  legal education and limited law library access, do not establish exceptional circumstances that

17  warrant a request for voluntary assistance of counsel.

18         Having considered the factors under Palmer, the court finds that plaintiff failed to meet his

19  burden of demonstrating exceptional circumstances warranting the appointment of counsel at this

20  time.  Plaintiff's motion is denied without prejudice.

21         In accordance with the above, IT IS HEREBY ORDERED that:

22         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

23         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

24  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

25  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

26  Director of the California Department of Corrections and Rehabilitation filed concurrently

27  herewith.

28         3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a.  The completed Notice of Amendment; and

        b.  An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must be filed on the court's civil rights form, bear the docket number 2:23-cv-0503 KJN P assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5.  The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

6.  Plaintiff's motion for appointment of counsel (ECF No. 6) is denied without prejudice.

Dated:  March 28, 2023

                              KENDALL J. NEWMAN
                              UNITED STATES MAGISTRATE JUDGE

/park0503.14new.kjn

8

1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MELVIN A. PARKER,                        No. 2:23-cv-0503 KJN P

                        Plaintiff,
12
                  v.                            NOTICE OF AMENDMENT
13
      JEFF LYNCH, et al.,,
14
                        Defendants.
15

16          Plaintiff hereby submits the following document in compliance with the court's order

17    filed_____.

18                      _____    Amended Complaint
      DATED:
19

20

21                                         _____
                                           Plaintiff
22

23

24

25

26

27

28