UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN A. PARKER,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN JEFF LYNCH, et al.,<br><br>Defendants. | No. 2:23-cv-0503 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. On January 27, 2023, plaintiff filed a motion for preliminary injunction. Due to the pleading deficiencies identified below, plaintiff's motion is denied without prejudice.

I. Background

By separate order, the undersigned screened plaintiff's complaint, and found plaintiff failed to state cognizable Eighth Amendment claims against defendants Burkeheart, Connelly and Lynch, granting plaintiff leave to amend. (ECF No. 8.)

II. Governing Law

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citations omitted); Epona v. Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017). The party seeking a preliminary injunction must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable

1

harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20 (citations omitted); see also American Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. See Winter, 555 U.S. at 22 (citation omitted). Also, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party. . . . ").

Further, a plaintiff seeking preliminary injunctive relief must demonstrate a sufficient nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint. Pacific Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015). "The relationship . . . is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally." Id. (quotation marks omitted). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." Id.; see Saddiq v. Ryan, 703 F. App'x 570, 572 (9th Cir. 2017) (unpublished) (affirming denial of preliminary injunction because the prisoner did not establish a nexus between the claims of retaliation in his motion and the claims set forth in his complaint).

The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). Speculative injury does not constitute irreparable harm. See id.; Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). A presently existing actual threat must be shown, although the injury need not be certain to occur. Zenith Radio Corp., 395 U.S. at 130-31; FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998).

III. Plaintiff's Motion

Plaintiff seeks an order enjoining defendants Burkeheart, Connelly and Lynch from "committing continued sexual abuse via . . . the air-device which generates alternating currents

from condents [sic] air," that allow officers Burkeheart and Connelly to use "computer generated technology called touch reality" from their work space, to "virtually" enter plaintiff's cell to commit rape by touching plaintiff's anus and penis with a foreign object or instrument; plaintiff claims defendant Lynch authorized his officers to use this technology to commit rape, touching the penis and anus of plaintiff by use of this foreign object or instruments." (ECF No. 2 at 2) (citing tit. 15 CCR section 3401.5 (staff sexual misconduct).) Plaintiff also claims this technology has been used to mimic the voices of plaintiff and other prisoners to mislead plaintiff into believing his family members are in harm's way. (ECF No. 2 at 2.) Plaintiff also seeks an order transferring him to an alternate EOP mental health program.

IV. Discussion

First, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Here, no defendant has yet been served with summons. Moreover, although plaintiff named defendants Burkeheart, Connelly and Lynch in his complaint, his claims were dismissed with leave to amend because plaintiff failed to state cognizable civil rights violations against them. Therefore, this court has no personal jurisdiction over such individuals.

Second, plaintiff's allegations concerning the use of virtual technology are not plausible.

Importantly, to obtain injunctive relief, plaintiff is required to address each element under Winter. Plaintiff provides no facts demonstrating he is likely to succeed on the merits of this action, that the balance of equities tips in his favor, or that an injunction is in the public interest.

Plaintiff fails to provide specific facts demonstrating he is at risk of imminent harm; indeed, he claims he will make a showing of actual or imminent injury "upon discovery exhibits supporting plaintiff's claims will be presented." (ECF No. 2. At 3.)  However, to obtain injunctive relief, plaintiff must show he is at risk of imminent harm.  Because plaintiff fails to address all the elements under Winter, his motion is denied without prejudice.

For all the above reasons, plaintiff's motion is denied without prejudice to its renewal.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for injunctive relief (ECF No. 2) is denied without prejudice.

Dated:  March 29, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/park0503.pi